UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WALKER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:06-CV-402 RM |
| | ) |
| DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

James Walker, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and a more definite statement pursuant to FED. R. CIV. P. 12(e). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the

> person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Walker had a morphine pump and a spinal cord stimulator implanted in his body before his incarceration to help alleviate back pain. The stimulator requires a remote control to operate. Mr. Walker alleges that while he was confined at the Reception Diagnostic Center ("RDC") and the Westville Correctional Facility ("WCF"), various individuals denied him medical treatment by preventing him from using the morphine pump or the stimulator.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

### I.  Medical Defendants

Mr. Walker alleges that Dr. Oliver Crawford, Dr. Howard Gerena, and Nurse Barbara Brubaker denied him adequate medical care when they denied him morphine to

fill his morphine pump and his remote control for the stimulator. He also alleges that they refused to remove his morphine pump. Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care... [and] is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Not all medical treatment is successful. The Eighth Amendment does not require success, it only prohibits wanting harm to come to the inmate. Mr. Walker acknowledges that he was prescribed non-narcotic drugs, though he alleges they were ineffective to control his pain. Although he disagrees with the course of treatment prescribed, Mr. Walker's own statements reveal that he was not denied medical care.

His requests for his remote control and for morphine for his pump are demands for specific care, to which he is not entitled. The doctors and nurse treated Mr. Walker on several occasions. They prescribed non-narcotic drugs to help alleviate the pain. As a result, their actions are not the functional equivalent of wanting harm to come to Mr. Walker.

Mr. Walker also asserts that Dr. Crawford and Dr. Gerena refused to prescribe any medication for his high-blood pressure. Giving Mr. Walker the reasonable inferences to which he is entitled at this stage of the pleadings, it is reasonable to infer that Mr. Walker has stated a claim against Dr. Crawford and Dr. Gerena in their individual capacities for failing to treat his high blood pressure. Mr. Walker may proceed against Dr. Crawford and Dr. Gerena in their individual capacities for monetary damages.

In addition, Mr. Walker claims that Nurse Brubaker did not prescribe any medication for his high blood pressure. Nurses do not prescribe medications, doctors do. Mr. Walker does not allege, nor is it reasonable to infer, that Nurse Brubaker prevented him from receiving medical treatment for his high blood pressure. Therefore, this claim will be dismissed.

Finally, Mr. Walker names Correctional Medical Services ("CMS"), the independent contractor who provides the prison's medical services, as a defendant. However, Mr. Walker has not alleged any claims against CMS. Because Mr. Walker has failed to state a claim against CMS, it will be dismissed.

## II.  Non-Medical Defendants

Mr. Walker alleges that he was denied adequate medical treatment pursuant to a prison policy prohibiting non-narcotic drugs. Mr. Walker alleges that David Donahue, in his capacity as the Commissioner of the Indiana Department of Corrections, was deliberately indifferent to his medical needs by authorizing the non-narcotic drug policy. "To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." Hadi v. Horn, 830 F.2d 779, 782 (7th Cir. 1987).

Mr. Walker asserts that this policy is unconstitutional because it is a blanket prohibition that does not allow the doctors any discretion in determining whether an inmate needs narcotic drugs.  Mr. Walker does not allege, and based on this complaint it

5

would not be reasonable to infer, that but for this policy, the doctors would have prescribed him narcotic drugs. Without alleging that his doctors want to prescribe him narcotics, but cannot do so, Mr. Walker lacks standing to challenge this policy because it is not the policy that is restricting his access to narcotics, it is his doctors. As previously discussed, he is not entitled to demand specific care. Furthermore, Mr. Walker lacks standing to assert the rights of other inmates. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights...." Elk Grove Unified School District v. Newdow, 542 U.S. 1, 12 (2004) (quotation mark omitted). Therefore, his claims and requested relief on behalf of others will be dismissed.

Next, Mr. Walker asserts that Mr. Donahue is liable in his individual capacity because he was deliberately indifferent by failing to respond to his correspondence. "The First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." Jones v. Brown, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

Mr. Walker also asserts that Mr. Donahue and William Wilson, the superintendent of WCF, are liable in their individual capacities because he personally wrote to them to explain that he was not getting proper medical treatment. Neither Mr. Donahue or Mr. Wilson are healthcare providers or medical experts. Mr. Walker states that he was seen by two doctors and a nurse.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted), citing Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004). Mr. Walker does not allege, nor would it be reasonable to infer that Mr. Donahue was personally involved in his treatment. Thus, this allegation fails to state a claim. However, Mr. Walker asserts that the doctors wrote to Mr. Wilson to see if they could get the remote control for the stimulator. Mr. Wilson allegedly did not reply to the doctors' requests. Giving Mr. Walker all the reasonable inferences to which he is entitled at this stage of the pleadings, it is reasonable to infer that Mr. Walker has stated a claim that Mr. Wilson was deliberately indifferent because once the doctors contacted him, he was in control of Mr. Walker's treatment and prevented the doctors from having access to the remote control with which they wanted to treat him. Mr. Walker may proceed against William Wilson in his individual capacity for monetary damages.

In Mr. Walker's next claim, he alleges that Officer W. Barnes, the officer in charge of processing him at the RDC, was deliberately indifferent for refusing to allow Mr. Walker to maintain possession of his remote control. Simply taking away his remote control unit did not deprive Mr. Walker of medical treatment. Officer Barnes did not prevent Mr. Walker from seeing a doctor or receiving other medical treatment. Officer Barnes' actions

were not the functional equivalent of wanting harm to come to Mr. Walker. As a result, Officer Barnes will be dismissed.

Mr. Walker then asserts a claim against Chris Moley, Superintendent of the RDC. Mr. Walker argues that through the grievance process, he informed Mr. Moley that Officer Barnes did not let him keep his remote control. He alleges that Mr. Moley has supervisory responsibilities over Officer Barnes. Mr. Walker also asserts a claim against Connie Marrow, the supervisor and Director of Correctional Medical Services. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). It would not be reasonable to infer that Mr. Moley or Ms. Marrow had any personal involvement in Mr. Walker's treatment. Consequently, these claims will be dismissed.

Mr. Walker also has sued the Indiana Department of Corrections, the RDC, and the WCF. "[T]he Eleventh Amendment prohibits a suit in federal court in which the State or one of its agencies or departments is named as the defendant." Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). Since these defendants are state agencies and departments, will be dismissed.

Finally, Mr. Walker names John and/or Jane Does as defendants. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it otherwise help the

8

plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). As a result, these defendants will be dismissed.

### III.  Motion for Preliminary Injunction

Mr. Walker has also filed a motion for preliminary injunction. The defendants have not responded to the motion because it has not yet been served on them. Though the motion addresses several claims, Mr. Walker's only remaining claim is that William Wilson is deliberately denying access to the remote control for the stimulator. The court has determined that Mr. Walker stated a claim against Mr. Wilson for denying medical treatment. As a result, Mr. Wilson is ordered to file a response to Mr. Walker's motion for preliminary injunction as it relates to this sole issue. Mr. Wilson shall file his response within ten days of service upon him.

For the foregoing reasons, the court:

(1) **GRANTS** James Walker leave to proceed against Dr. Oliver Crawford and Dr. Howard Gerena in their individual capacities for monetary damages on his Eighth Amendment claim for denial of medical treatment of his high blood pressure;

(2) **GRANTS** James Walker leave to proceed against William Wilson in his individual capacity for monetary damages on his Eighth Amendment claim for denial of medical treatment with regards to the stimulator;

(3) **DISMISSES** David Donahue, Chris Moley, Officer W. Barnes, Correctional Medical Services, Connie Morrow, Barbara Brubaker, Indiana Department of Correction, Westville Correctional Facility, Reception Diagnostic Center, and John and/or Jane Does;

(4) **DIRECTS** the clerk to ensure that a copy of this order is served on Dr. Oliver Crawford, Dr. Howard Gerena, and William Wilson along with the summons and complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Dr. Oliver Crawford, Dr. Howard Gerena, and William Wilson;

(6) **ORDERS** pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Oliver Crawford, Dr. Howard Gerena, and William Wilson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) **ORDERS** William Wilson to file a response to James Walker's motion for preliminary injunction within ten days of service upon him.

IT IS SO ORDERED.

ENTERED: January  18 , 2007

                                                             /s/ Robert L. Miller, Jr.
                                                            Chief Judge
                                                            United States District Court