UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WALKER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:06-CV-402 RM |
| | ) |
| DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

On February 21, James Walker, a *pro se* prisoner, filed a motion for reconsideration of the court's January 18, 2007 opinion and order screening his case. Pursuant to the January 18 order, only two claims remain: (1) Dr. Oliver Crawford and Dr. Howard Gerena denied Mr. Walker medical treatment for his high blood pressure and (2) William Wilson denied Mr. Walker medical treatment with regards to his spinal cord stimulator. All other defendants and claims were dismissed.

In his motion for reconsideration, Mr. Walker asserts that Dr. Oliver Crawford, Dr. Howard Gerena, and Nurse Barbara Brubaker denied him adequate medical care by failing to maintain his morphine pump and denying him the use of his spinal cord stimulator. As stated in the January 18 order, "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care . . . [and] is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Not all medical treatment is successful.  The Eighth Amendment doesn't require success; it only prohibits wanting harm to come to the inmate. Mr. Walker's allegations do not state a claim for medical deliberate indifference because

Mr. Walker was attempting to demand specific care by requesting maintenance of his morphine pump and the use of his stimulator. Mr. Walker contends that the pain specialist he was seeing before he was incarcerated had prescribed maintenance on the pump and the use of the stimulator. However, the doctors in the prison examined Mr. Walker and prescribed other pain relievers. Mr. Walker's own statements demonstrate that he was not denied medical treatment. Mr. Walker wasn't satisfied with the treatment he was receiving and demanded the treatment that he was receiving before he was incarcerated. Mr. Walker was not entitled to demand specific care. These allegations do not state a claim for medical deliberate indifference.

Next, Mr. Walker contends that Officer Barnes should have consulted a medical professional before telling Mr. Walker that he couldn't have his remote control for the stimulator. Mr. Walker hasn't alleged that Officer Barnes prevented him from seeing a doctor or receiving medical treatment for his condition. Officer Barnes' actions were not the functional equivalent of wanting harm to come to Mr. Walker. See McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991) (stating "[t]his total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner"). These allegations do not state a claim for deliberate indifference.

Mr. Walker tries to challenge the prison's non-narcotic drug policy. In the January order, the court determined that Mr. Walker did not allege, nor would it be reasonable to infer, that the doctors would have prescribed him narcotics but for the policy. The court then determined that Mr. Walker lacked standing to challenge the policy because it was the

2

doctors, not the policy, that was restricting access to narcotics. In his reconsideration motion, Mr. Walker asserts that he did allege that a doctor did prescribe narcotics for him. Mr. Walker contends that his pain specialist, whom he saw before he was incarcerated, had prescribed narcotics. Mr. Walker has not alleged that any of the doctors in the prison who were treating Mr. Walker wanted to prescribe him narcotics, but could not because of the policy. Again, Mr. Walker is attempting to demand specific care based upon his prior physician's course of treatment. Mr. Walker is not entitled to demand specific care based upon his prior course of treatment.

Mr. Walker asserts that non-medical personnel David Donahue, Officer Barnes, Chris Moley, and Connie Marrow are all liable because he informed them of his condition and they saw that he was suffering, but they did nothing. Mr. Walker admits that two doctors and a nurse were treating him. Mr. Walker does not allege that David Donahue, Officer Barnes, Chris Moley, or Connie Marrow were personally involved in his treatment. See Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (holding that if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing the person is in capable hands). Because Mr. Walker has not alleged that any of these individuals were personally involved in his treatment, these allegations do not state a claim.

Finally, Mr. Walker asserts that Correctional Medical Services encourages its employees to keep large medical expenses to a minimum. In addition, Mr. Walker asserts that there are violations of the Americans with Disabilities Act. However, neither of these

issues were raised in Mr. Walker's complaint or his FED. R. CIV. P. 12(e) statement. In his previous filings, Mr. Walker asserted no claims against Correctional Medical Services. Likewise, while Mr. Walker's claims asserted violations of the Eighth Amendment, he never alleged any claims that could be construed as asserting a claim under the Americans with Disabilities Act. Mr. Walker has not filed a motion to amend his complaint or an amended complaint pursuant to N.D. IND. L.R. 15.1. Therefore, these claims are currently outside the scope of this case and the court declines to address them.

For the foregoing reasons, the court **DENIES** Mr. Walker's motion for reconsideration (docket # 20).

IT IS SO ORDERED.

ENTERED: February  28 , 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court