UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WALKER, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:06-CV-402 RM ) |
| DAVID DONAHUE, *et al.*, | ) ) |
| Defendants | ) |

OPINION AND ORDER

James Walker, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his medical needs. Mr. Walker also filed two motions for preliminary injunction. The court held a hearing on Mr. Walker's first motion for preliminary injunction on March 8, 2007. At the hearing, the defendants indicated that they were in the process of determining whether Mr. Walker could have the remote control for his spinal cord stimulator at the prison. Because it appeared that Mr. Walker was unlikely to succeed on the merits of his motion, and because it appeared that his motion may be mooted by the defendants agreement to see whether he could use the remote in the facility, the court denied Mr. Walker's motion for preliminary injunction.

On May 7, Mr. Walker filed a third motion for preliminary injunction. He states that the defendants have not refilled his prescription for his hypertension. Furthermore, Mr. Walker contends that despite the representations at the March 8 hearing, the defendants have not given him access to the remote control for his spinal cord stimulator.

> A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted.

Ty v. The Jones Group, 237 F.3d 891, 895 (7th Cir. 2001).

Mr. Walker is not likely to succeed on the merits of his claim. First, the defendants contend that they refilled Mr. Walker's prescription for Prozasin on February 28, 2007, and that the supply would last until May 28. Mr. Walker doesn't dispute this allegation. In fact, Mr. Walker did not file a reply to the defendants' response to the motion. It appears that Mr. Walker filed his motion for preliminary injunction after the defendants filled his prescription and before it had run out. Consequently, there is no evidence that Mr. Walker will likely succeed on the merits of his claim that he is being denied treatment for his hypertension.

The defendants contend that the request for injunctive relief with regards to the spinal cord stimulator is moot because Mr. Walker is no longer confined at the Westville Correctional Facility. Again, Mr. Walker has not filed a reply disputing this allegation. Because Mr. Walker is no longer confined at the Westville Correctional Facility, the defendants are no longer in control of his medical care and the court could not order the defendants to provide Mr. Walker with his remote control. As a result, the motion as it relates to the spinal cord stimulator is moot.

For the forgoing reasons, the court DENIES IN PART and DENIES AS MOOT IN PART the third motion for a preliminary injunction (docket # 29).

IT IS SO ORDERED.

ENTERED: June __5__, 2007

                                              /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court