UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WALKER, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-402 RM |
| vs. ) | |
| ) | |
| DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

James Walker, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, alleging that he was denied medical treatment, in violation of the Eighth Amendment, by the medical defendants (Dr. Oliver Crawford and Dr. Howard Gerena) and by a State defendant (William Wilson).[1]

The medical defendants moved for summary judgment on the merits on May 14, 2007. The State defendant moved for summary judgment on the question of exhaustion of administrative remedies on May 17, and the medical defendants moved to join the state defendant's motion on May 18. Both summary judgment motions notified Mr. Walker, pursuant to N.D. IND. L.R. 56.1(e), of the importance of responding to a summary judgment motion. The deadline for responding to the first motion passed on June 18, and to the second on June 19. Mr. Walker has not responded to the motions.[2]

---

[1] All other claims and defendants were dismissed in this court's screening order of January 18, 2007.

[2] Neither did Mr. Walker respond to this court's order to file a status report. Three mailings from this court, which were sent to Mr. Walker at the Westville Correctional Facility, have been returned marked undeliverable, released, or not at WCC. On his complaint, Mr. Walker initialed the statement above his

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. <u>Outlaw v. Newkirk</u>, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

<u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

The medical defendants say Mr. Walker can't prove they were deliberately indifferent to his medical needs. Deliberate indifference is an element of a claim for the denial of medical care. *See* <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). Because Mr. Walker has presented no evidence demonstrating that the defendants were deliberately indifferent, the medical defendants' summary judgment motion will be granted.

The state defendant contends that Mr. Walker did not exhaust his administrative remedies.

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such

---

signature stating that he would promptly notify the clerk of any change of address. It is not the obligation of either this court or the clerk to search for litigants. Rather it is the obligation of the parties to keep the court informed of where and how they may be contacted. Nevertheless, not providing the court with a current address does not suspend the obligation to timely respond to motions and orders. Therefore the court will proceed to rule on these motions.

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Cindy Estes, a grievance specialist declared that even though Mr. Walker filed two grievances, he did not appeal them to the final step.

> 21. I concluded, from the absence of a record showing that Mr. Walker filed a step two grievance on either complaint, that he failed to avail himself of the grievance process that was available to him.

Estes Declaration at 4, docket # 37-2. Because Mr. Walker has presented no evidence demonstrating that he exhausted his administrative remedies or that he was prevented from doing so by the defendants, the state defendant's summary judgment motion will be granted. Additionally the medical defendants' motion for to joinder will also be granted.

For the foregoing reasons, the court:

(1) GRANTS the motions for summary judgment (docket ## 31 and 37);

(2) GRANTS the motion for joinder (docket # 40); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: June  27 , 2007

                                            /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court